MATTER OF LOPEZ-MONZON

In Exclusion Proceedings

A-22296841

*Decided by Commissioner January 4, 1979*

(1) Eligibility under section 212(i) of the Immigration and Nationality Act, 8 U.S.C. 1182(i), to apply for a waiver of the grounds of excludability specified in section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19), is limited to aliens who are spouses, parents, or children of the United States citizens or lawful permanent residents of the United States. The intent of Congress in adding this provision was to provide for the unification of families and avoid the hardship of separation.

(2) In this case, the United States citizen child upon whom eligibility was based, did not live in the United States. The father, who lived in Guatemala had custody of the child. There was no evidence that applicant had legal custody or could obtain legal custody of the child if required to do so; nor was the evidence persuasive that the applicant intended to bring the child with her or live with him in the United States. Thus, since the waiver, if granted, would not have united or reunited a family, a favorable exercise of discretion granting the waiver was not warranted in this case.

ON BEHALF OF APPLICANT: Pro se

This matter is before the Commissioner, on appeal from the Acting District Director's denial of the application for a waiver of excludability as an alien who seeks to procure or has sought to procure, or has procured a visa or other documentation, or seeks to enter the United States by fraud, or by willfully misrepresenting a material fact. The appeal is before the Commissioner because the officer who made the initial decision is also occupying the office in which the appeal would normally be decided.

The applicant is an unmarried female citizen of Guatemala, born June 11, 1939, in Ratelhuleu, Guatemala. She is a resident of Guatemala, as are her three older children who are citizens of Guatemala and one illegitimate child who is a citizen of the United States by birth in Brooklyn, New York, on August 16, 1969. The three Guatemalan citizen children reside apart from the applicant and the United States citizen child resides with his natural father, also a citizen and resident of Guatemala who is responsible for the child's

care. The applicant's former husband, who is the father of the three older children, died February 14, 1973. The applicant was found excludable under section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19), by a United States Consular Officer in Guatemala City, Guatemala, because she obtained a nonimmigrant visa by fraud on February 26, 1968, and thereafter entered the United States where she remained and secured unauthorized employment. Although the record is not clear as to the number of entries the applicant has made into the United States nor the duration of her stays in this country, it appears that her last departure was in February 1978, when she returned to Guatemala.

The Acting District Director in his decision of July 14, 1978, has pointed out that the United States citizen child of the applicant lives with his father in Guatemala and would not accompany the applicant to the United States. He concludes therefrom that no economic or emotional hardship would be caused to the child by the applicant remaining outside the United States. In view of this, and in the absence of any persuasive humanitarian consideration, favorable exercise of discretion was not warranted in this case.

In the applicant's appeal, she has stated that she obtained the nonimmigrant visa in question legally; her behavior has been good; she has always thought of bringing her child to the United States; and her former employers in the United States want her to return to her former employment with them. Attached to the appeal are letters from her former employers stating their need for her services and from a minister in the United States which attests to the applicant's high moral standards.

Eligibility to apply under section 212(i) of the Immigration and Nationality Act, 8 U.S.C. 1182(i), for a waiver of the grounds of excludability specified in section 212(a)(19) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(19), is limited to aliens who are spouses, parents, or children of United States citizens or lawful permanent residents of the United States. This provision of law was not contained in the original Act, but was added by the Act of September 26, 1961, (75 Stat. 655). The intent of Congress in adding this provision of law, which is evident from its language, was to provide for the unification of families, thereby avoiding the hardship of separation.

In the instant case this is not the situation. The applicant's child, upon whom eligibility to apply for the waiver is based, does not live in the United States nor is the evidence persuasive that the applicant intends to bring him with her or live with him here in the future. The past record indicates otherwise and her statement upon appeal merely shows that she has been thinking of doing so. There is no evidence that she has legal custody or would be able to legally obtain custody of the

child from his natural father even if she wished to do so.

In view of the factors in this case, it is evident that the applicant wants to return to employment which would benefit her economically, as well as fill a need of her prospective employers. While this is an understandable desire, it would not unite or reunite a family and the intent of the law would not be satisfied. Upon careful consideration, it is concluded that the favorable exercise of the Attorney General's discretion is not warranted in this case, and the Acting District Director's decision will be affirmed and the appeal dismissed.

**ORDER:** The decision of the Acting District Director in Mexico City is affirmed, and the appeal is dismissed.